HANG AND ASSOCIATES, PLLC
Qinyu Fan
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiffs and proposed FLSA Collective*
*Class Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Rogelio Ortiz Ramirez, and Maria Isabel Reyna Ponce, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Emporium Meat Corp. d/b/a The Food Emporium, Yunes Doleh, Howard L. Stein, Mike Doe, Hassan Doe, and Manny Doe,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Rogelio Ortiz Ramirez (hereinafter Plaintiff Ortiz Ramirez), and Maria Isabel Reyna Ponce (hereinafter "Reyna Ponce") on their own behalves and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Emporium Meat Corp. d/b/a The Food Emporium (hereinafter "" or "The Food Emporium"), Yunes Doleh, Howard L. Stein, Mike Doe, Hassan Doe, and Manny Doe, (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorney's fees and costs.

2. Plaintiffs further allege that, pursuant to the New Jersey State Wage and Hour Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391.

## PARTIES

5. Plaintiff Rogelio Ortiz Ramirez ("Plaintiff Ortiz Ramirez") is a former employee of Emporium Meat Corp.

6. Plaintiff Maria Isabel Reyna Ponce ("Plaintiff Reyna Ponce) is a former employee of Emporium Meat Corp.

7. Upon information and belief, Defendant Emporium Meat Corp. is a domestic business corporation organized under the laws of New Jersey, with a principal place of business located at 460 County Rd 520, Marlboro, New Jersey 07746.

8. Upon information and belief, Defendant, Yunes Doleh, is the first Board of directors, shareholder, and owner of Corporate Defendant Emporium Meat Corp. Yunes Doleh

exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated employees.  With respect to Plaintiffs and other similarly situated employees, they had the power to (i) fire and hire (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

9. Upon information and belief, Defendant, Howard L. Stein, is a Registered Agent, officer, shareholder, and co-owner of Corporate Defendant Emporium Meat Corp. Upon information and belief, at all relevant to the allegations herein, he has the power to hire and fire employees at the controlled over Corporate Defendant and make collective decision together with Defendant Yunes Doleh.

10. Upon information and belief, Defendant Hassan Doe, is the supervisor of Defendant Emporium Meat Corp. Defendant Hassan Doe exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiffs and other similarly situated employees, they had the power to (i) fire and hire (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

11. Upon information and belief, Defendant Mike Doe, is the son of Defendant Yunes Duleh, Mike Doe is shareholder, shareholder, and supervisor of Corporate Defendant Emporium Meat Corp. Mike Doe exercised control over the terms and condition of Plaintiffs' employment and those of similarly situated employees. With respect to Plaintiffs and other similarly situated employees, they had the power to (i) fire and hire (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

12. Upon information and belief, Defendant Manny Doe, is a supervisor of Corporate Defendant Emporium Meat Corp. Manny Doe exercised control over the terms and

condition of Plaintiffs' employment and those of similarly situated employees. With respect to Plaintiffs and other similarly situated employees, they had the power to move them around, set up their working schedules and otherwise affect the quality of employment.

13. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New Jersey State Wage and Hour Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

### (WAGE AND HOUR ALLEGATIONS)

16. On or about January 28, 2019, Plaintiff Maria Isabel Reyna Ponce (hereinafter Plaintiff Reyna Ponce) was hired by Defendant Yunes Doleh and/or their predecessors, as applicable, to work as a butcher in Defendants' supermarket located at 460 County Rd., 520, Marlboro, New Jersey 07746.

17. On or about January 28, 2019, Plaintiff Rogelio Ortiz Ramirez (hereinafter Plaintiff Ortiz Ramirez) was hired by Defendant Yunes Doleh and/or their predecessors, as applicable, to worker as a helper in Defendants' supermarket located at 460 County Rd., 520, Marlboro, New Jersey 07746.

***Maria Isabel Reyna Ponce***

4

18.  Plaintiff Reyna Ponce worked for The Food Emporium from on or around January 28, 2019 until on or around October 29, 2019.

19. During the employment with Defendants, Plaintiff Reyna Ponce worked over forty (40) hours per week.

**Period I**

20. From January 28, 2019 to approximately June 2019, there was no punch-in-punch-out system. During this period of time, Plaintiff Reyna Ponce worked from 8:00 am until 5:30 pm, on Monday through Sunday. Plaintiff Reyna Ponce was not provided uninterrupted break. Thus, Reyna Ponce worked at least sixty-six and a half hours (66.5) every week.

**Period II**

21. On approximately June 2019, Defendant Hasan provided Plaintiff Reyna Ponce with a special identification number. Using this identification number Plaintiff Reyna Ponce was able to punch in and punch out.

22. From in or around June 2019 to approximately October 29, 2019, Plaintiff Reyna Ponce work schedule was as follows:

   a.   On Thursday, Friday, and Saturday (delivery days), Plaintiff Reyna Ponce worked from 8:30am to 7:00 pm.

   b.   On Monday, Tuesday, Wednesday and Sunday, Plaintiff Reyna Ponce worked from 8:30am to 5:30 pm.

   Plaintiff Reyna Ponce was not provided with uninterrupted break. Thus, Reyna Ponce worked at least sixty-seven and a half hours (67.5) each week.

23. Plaintiff Reyna Ponce was paid a fixed weekly salary of $816.00, regardless of the actual number of hours she worked.

24. Approximately in August 2019, Defendant Hassan raised Plaintiff Reyna Ponce's salary and her fixed weekly salary became $900.00, regardless of the actual numbers of hours she worked. Her salary was raised because she was assigned extra responsibilities such as, cleaning the machine tables and the surrounding areas every day.

25. During her first week of employment with Defendants, Plaintiff Reyna Ponce was informed that her first paycheck was considered a "Deposit" for her employment and she would not get it until after the end of her employment.

26. Plaintiff Reyna Ponce has received her "Deposit" in the amount of $816.00 and her last paycheck.

27. Defendant Manny failed to pay Plaintiff Reyna Ponce her last week of work for three days.

***Rogelio Ortiz Ramirez***

28. Plaintiff Ortiz Ramirez worked for The Food Emporium from in or around January 28, 2019 until in or around October 29, 2019.

29. During the Plaintiff Ortiz Ramirez's employment with Plaintiff Ortiz Ramirez, he worked over forty (40) hours per week.

**Period I**

30. From January 28, 2019 to approximately June 2019, there was no punch-in-punch-out system. During this time Plaintiff Ortiz Ramirez worked from 8:00 am until 5:30 pm, from Monday to Sunday. Plaintiff Ortiz Ramirez was not provided uninterrupted break. Thus, Ortiz Ramirez worked at least sixty-six and a half hours (66.5) each week.

6

**Period II**

31. On approximately June 2019, Defendant Hasan provided Plaintiff Ortiz Ramirez with a special identification number. With this identification number Plaintiff Ortiz Ramirez was able to punch in and punch out.

32. From on or about June 2019 to approximately October 29, 2019, Plaintiff Ortiz Ramirez work schedule was as follows:

   a. On Thursday, Friday, and Saturday (delivery days), Plaintiff Ortiz Ramirez worked from 8:30am to 7:00 pm.

   b. On Monday, Tuesday, Wednesday and Sunday, Plaintiff Ortiz Ramirez worked from 8:30am to 5:30 pm.

   Plaintiff Ortiz Ramirez was not provided with uninterrupted break. Thus, Ortiz Ramirez worked at least sixty-seven and a half hours (67.5) each week.

33. Plaintiff Ortiz Ramirez was paid at a fixed weekly rate of $1,116.00, regardless of the actual hours he worked.

34. During his first week of employment, Plaintiff Ortiz Ramirez was informed he would not be receiving his first paycheck. His first paycheck was considered a deposit and he would receive it until after the end of his employment.

35. Defendants failed to pay Plaintiff Ortiz Ramirez his last week salary for three days.

36. From in or around January 28, 2019 to approximately June 2019, Defendants did not track or make records of the number of hours Plaintiffs worked.  Defendants did not use a "punch clock" system, nor was Plaintiffs required to verify the number of hours he worked.

37. Defendants knowingly and willfully operated their business with a policy of not paying overtime premiums equal to one and a half times his regular hourly rate for hours worked in excess of forty in a workweek.

38. Plaintiffs retained Hang & Associates, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

39. Plaintiff Reyna Ponce was an employee at Food Emporium. She worked as a helper in the meat department.

40. On or around October 4, 2019, Plaintiff Reyna Ponce injured her Right Foot while on the job. She sprained her ankle.

41. On October 4, 2019, Plaintiff Reyna Ponce went to the emergency room to treat her right foot. The doctor informed her that she needs to stay off the foot for 7 days.

42. Plaintiff Ortiz Ramirez informed Defendant Hassasn that Plaintiff Reyna Ponce was not able to go to work for seven days as per doctor's order.

43. Defendant Hassan demanded that Plaintiff Reyna Ponce must return to work by the following Monday or she would be terminated from her job.

44. Plaintiff Reyna Ponce had to return to work with her injured foot.

### (COLLECTIVE ACTION ALLEGATIONS)

45. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (one and one-half times of their regular rates), or the New Jersey overtime rate (one and one-half

times of their regular rates), in violation of the FLSA and New Jersey State Wage and Hour Law and the supporting federal and state regulations.

46. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their warehouse location for the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

47. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

48. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

49. This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

51. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

52. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

53. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage Claim
### Brought on behalf of the Plaintiff and the FLSA Collective]

36.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

37.    At all times relevant to this action, the Defendants were Plaintiffs and Class Members' employers within the meaning of 29 U.S.C. § 203 (d).

38.    At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and 207 (a) because Defendants and the two named Plaintiffs engaged in interstate commerce, for example, products that are sold in the supermarket which came from foreign states.

39.    Defendants willfully failed to pay Plaintiffs and Collective Members overtime wages for hours worked in excess of forty per week at a rate of 1.5 times of their regular salary

rates, at a minimum, the minimum wage to which Plaintiffs were entitled under 29 U.S.C. §206 (a), in violation of 29 U.S.C. §207(a)(1).

40.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

41.     Due to Defendants' FLSA violations, Plaintiffs and Class members are entitled to recovery from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

**COUNT II**
**[Violation of New Jersey Wage and Hour Law—Claim for Overtime Wages]**

42.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

43.     At all times relevant to this action, Plaintiffs and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

44.     At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

45.     Defendants willfully failed to pay Plaintiffs and Class members' overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs and Class members were entitled under New Jersey Wage and Hour Law, in violation of New Jersey Statutes Annotated 34:11-56a4 and 12:56.

46.     Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiffs and Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage and Hour law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at Trial.

## COUNT III
### [Violation of New Jersey Wage Payment Law—Claim for Unpaid Wages]

47.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

48.     At all times relevant to this action, Plaintiffs and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-4.1.

49.     At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-4.1

50.     Defendants willfully failed to pay Plaintiffs and Collective members' wages that Plaintiffs and Collective members were entitled to under New Jersey Wage Payment Law, in violation of New Jersey Statutes Annotated 34:11-4.2 and 34:11-4.3.

51.     Due to Defendants' violations of the New Jersey Wage Payment Law, Plaintiffs and Collective members are entitled to recover from Defendants, jointly and severally, his full amount of wages due plus an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage Payment Law, specifically New Jersey Statutes Annotated 34:11-56.8, all in an amount to be determined at Trial.

## Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated employees,

respectfully request that this court enter a judgment providing the following relief:

a)      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey State Wage and Hour Law;

b)      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)      An award of unpaid overtime compensation due under FLSA and New Jersey State Wage and Hour Law;

d)      an award of unpaid wages due under New Jersey Wage Payment Law.

e)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation and unpaid wages pursuant to New Jersey State Wage and Hour Law;

f)      An award of prejudgment and post-judgment fees;

g)      An award of costs and expenses of this action together with reasonable attorney's and expert fees;

h)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 12, 2020
         New York, New York

                    HANG & ASSOCIATES, PLLC

By: _/s/ Qinyu Fan_____
Qinyu Fan, Esq.
Hang & Associates, PLLC
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Telephone: (718) 353-8588